Miriam H. KLAIMAN, Dr.,
Plaintiff–Appellant,

v.

OHIO STATE UNIVERSITY; Jerry R. Mendell, Dr.; Hagop Mekhjian, Dr.; Defendants–Appellees.

No. 03–3356.

United States Court of Appeals, Sixth Circuit.

July 6, 2004.

William J. O'Malley, Columbus, OH, for Plaintiff–Appellant.

Wanda L. Carter, Christopher E. Hogan, Moots, Carter & Hogan, Columbus, OH, for Defendants–Appellees.

Before: RYAN, DAUGHTREY, and CLAY, Circuit Judges.

RYAN, Circuit Judge.

Dr. Miriam H. Klaiman appeals from the district court's order granting summary judgment in favor of the defendants. We affirm the district court's judgment.

## I.

The parties are familiar with the facts, and, therefore, they need not be recounted at length in this unpublished opinion. It is sufficient to note that Klaiman was one of three first-year residents in the Department of Neurology at the Ohio State University Medical Center from July 2, 2000, until the expiration of her contract on June 30, 2001. OSU declined to renew Klaiman's residency contract citing her interpersonal problems with staff and patients as well as her refusal to undergo a psychiatric evaluation.

Klaiman filed suit against the defendants under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, alleging that during her residency she was sexually harassed by fellow resident Dr. Arthur Przebinda and that such harassment resulted in a hostile work environment. She further alleged that the defendants retaliated against her when she complained about the harassment. The district court granted summary judgment in favor of the defendants, holding that Klaiman had failed to establish a *prima facie* case of either a hostile work environment or retaliation.

## II.

This court reviews a district court's decision to grant summary judgment *de novo.* *Blankenship v. Parke Care Centers, Inc.,* 123 F.3d 868, 871 (6th Cir.1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In reviewing the district court's grant of summary judgment, we draw all justifiable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III.

Klaiman argues that she has established all of the elements of a *prima facie* case of hostile work environment. She claims that Dr. Przebinda's childish e-mails constituted harassment based on sex, which unreasonably interfered with her work performance and created a hostile work environment. She also argues that the defendants knew or should have known of the alleged sexual harassment and that they failed to take prompt and appropriate

corrective action. Finally, Klaiman contends that the defendants retaliated against her by declining to renew her residency contract after she complained about allegedly offensive e-mails that she had received from Dr. Przebinda.

Having carefully reviewed the district court's opinion, the arguments of the parties, and the record, we are persuaded that the district court properly granted summary judgment in favor of the defendants. The Honorable James L. Graham, United States District Judge, held that there was insufficient evidence to support Klaiman's charge that the alleged harassment was based on sex and, further, that Klaiman had failed to rebut the defendants' contention that they took prompt and appropriate corrective action against Dr. Przebinda. Judge Graham also held that Klaiman could not make out a *prima facie* case of retaliation because she could not show that she had engaged in a protected activity or that there was a causal connection between any such activity and the adverse employment action taken against her. While we are not entirely convinced that there is no genuine issue of material fact about whether Klaiman engaged in a protected activity, we agree with the district court that Klaiman has not come forward with sufficient evidence to show a causal connection between that activity and the adverse employment action. With this one exception, we agree with the sound reasoning of the district judge and adopt the district court's opinion as our own.

**AFFIRMED.**